# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. BARNHARDT, | **1:23-cv-01030-GSA-PC** |
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT CLARIFYING VENUE OF CLAIMS** |
| v. | |
| ALLISON, et al., | **DEADLINE: <u>AUGUST 25, 2023</u>** |
| Defendants. | |

## I.    BACKGROUND

Marcus J. Barnhardt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 11, 2023, Plaintiff filed the Complaint commencing this action which is now before the Court for screening.  28 U.S.C. § 1915.  (ECF No. 1.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  VENUE

The federal venue statute requires that a civil action be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); also see Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue *sua sponte*).  Pursuant to Rule 120(f) of the Local Rules of the Eastern District of California, a civil

action which has not been commenced in the proper court may, on the court's own motion, be transferred to another venue within the district. L.R. 120(f).

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

**Discussion**

Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  He names as defendants Kathleen Allison (Secretary of CDCR), Dr. McCabe, Ayala Lopez (Parole Agent), C/O A. Renteria, L. Romero, C/O Daniels, C/O Aqular, and Jane Doe (C/O) (collectively, "Defendants").

The venue for some of Plaintiff's claims do not appear proper in this court. Moreover, it appears that the events at issue in the Complaint occurred in six different locations: (1) CSP, (2) R. J. Donovan Correctional Facility (RJD) in San Diego, California, (3) Salinas Valley State Prison (SVSP) in Soledad, Monterey County, California, (4) Correctional Training Facility (CTF) in Soledad, California, (5) Nursing home in Sylmar, Los Angeles County, California, and (6) Nursing home in Poway, San Diego County, California.

At present, given the vague allegations in the Complaint, it appears that venue is proper here in the Eastern District of California only for Plaintiff's claims arising at Corcoran State Prison which is located in the Fresno Division of the Eastern District of California.  Those claims shall presently proceed in this district.  However, and again based on the vague allegations in the complaint, venue is not proper in this court for Plaintiff's claims arising out of events occurring in Los Angeles County, San Diego County, or Monterey County and thus those claims and thus may not be pursued in this action in the Eastern District of California. Los Angeles County is located in the Central District of California; San Diego County is located in the Southern District of California; and Monterey County is located in the Northern District of California.

Before the Court can proceed with this case, Plaintiff must clarify which of his allegations and claims arose from events in each venue.  To this end, Plaintiff shall be required to file a First Amended Complaint setting forth **all** of his allegations and claims and specifying where (location) each alleged event happened and how each of the named defendants personally acted in violation of Plaintiff's rights.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must demonstrate how each defendant *personally* participated in the deprivation of his rights by their actions.  Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that he has not been granted leave to include allegations of events occurring after the initiation of this lawsuit which was filed on July 11, 2023.

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## IV.   CONCLUSION AND ORDER

The court finds that venue does not appear proper in this court for many of Plaintiff's claims as outlined above.  Before the Court proceeds with this action, Plaintiff is required to file an amended complaint clarifying when and where (location) each of his allegations and claims arose, and describing the personal involvement of each of the named defendants relative to the respective claim.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.      **On or before August 25, 2013**, Plaintiff is required to file a First Amended Complaint as described by this order;

2.      The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:23-cv-01030-GSA-(PC), and be an original signed under penalty of perjury; and

3.      Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed its entirety.

IT IS SO ORDERED.

Dated:   **July 18, 2023**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE